ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Ninth Floor
    San Francisco, California 94102
    Telephone: (415) 436-7210
    Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br>v. <br><br>RICHARD LEE HARDMAN, <br><br>    Defendant. | CASE NO. CR 24-504 JSW; CR 19-272 JSW <br><br>**SENTENCING MEMORANDUM** <br><br>Date:   January 14, 2025 <br>Time:   1:00 p.m. <br>Before: Hon. Jeffrey S. White |

SENTENCING MEMORANDUM
CR 24-504 JSW & CR 19-272 JSW

## I. INTRODUCTION

The United States recommends a sentence of 34 months imprisonment in this case, with 34 months to be imposed in the newly indicted case and 24 months imposed on the supervised release violations, all to be served concurrently. The recommended sentence addresses the nature and seriousness of the conduct, promotes respect for the law, provides for a just sentence, advances deterrence, protects the community, and considers the history and characteristics of the defendant. It also recognizes the timely acceptance of responsibility by Mr. Hardman for his possession of the loaded firearm on June 12, 2024. Probation joins in the recommended sentence.

## II. FACTUAL BACKGROUND

### A. Defendant's Offense Conduct

On June 12, 2024, law enforcement arrested Mr. Hardman in Pinole, California, pursuant to a Ramey warrant. At the time of his arrest, Mr. Hardman knew that he possessed a Glock 31 .357 firearm, serial number VTU719 with an attached 20 round capacity magazine. Plea Agreement, ¶ 2 at ECF 19.

Before the arrest, Mr. Hardman drove a 2017 Gold Ford Fusion from an address in San Pablo, California to the supermarket in Pinole, California. PSR ¶ 6. After parking the Ford Fusion, Mr. Hardman walked into the market with the Glock 31 firearm tucked into his pants. Officers, who observed Mr. Hardman walk into the store with a large bulge under his clothing at the center of his waistband, went into the market to execute the arrest warrant. PSR ¶ 6. Mr. Hardman attempted to flee from officers but after a short time, officers apprehended Mr. Hardman inside the store and carried out the arrest. PSR ¶ 7. When they searched Mr. Hardman's person, officers located a Glock 31 .357 caliber, serialized firearm with an attached 20 round magazine in Mr. Hardman's pant leg near his ankle. PSR ¶ 8.

At the time of the defendant's arrest on June 12, 2024, he had been previously convicted of an offense punishable by a term of imprisonment of more than one year, and he knew that he had been convicted of such an offense. For example, on January 28, 2020, this Court in *United States v. Hardman*, CR 19-272 JSW sentenced him to 30 months imprisonment followed by three-years of supervised release for a violation of 18 U.S.C. § 922(g). PSR ¶ 30.

SENTENCING MEMORANDUM
 CR 24-504 JSW                                                    1

The parties agree that Glock firearms are manufactured in Europe or Georgia, not California. Plea Agreement, ¶ 2 at ECF 19. Mr. Hardman possessed the Glock in Pinole, which is located in the Northern District of California.

### B.  Procedural History

On September 26, 2024, the U. S. Attorney's Office filed a single count Information alleging violations of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition. ECF 7. Defendant waived indictment. ECF 12. On October 8, 2024, the defendant pled guilty. ECF 19.

### C.  Offense level

The parties agree that the adjusted offense level for the new offense is 17. Plea Agreement, ¶ 6.

## III.  PENALTIES

The maximum penalty for a violation of 18 U.S.C. § 922(g)(1) is 15 years imprisonment. *See* 18 U.S.C. § 924(a)(8).

## IV.  SENTENCING RECOMMENDATION

### A.  A 34-month sentence is reasonable and appropriate

Taking the 18 U.S.C. § 3553 factors into account, a term of imprisonment of 34 months is an appropriate and just sentence in this case.

#### 1.  History and characteristics of the defendant

Mr. Hardman is an Oakland native who is close to his mother and several siblings but has not had a consistent relationship with his father. PSR ¶ 45. Growing up as one of several children raised by a single mother, Mr. Hardman did not experience stable housing but instead lived in the family vehicle, motels, and shelters, sometimes separated from his mother. PSR ¶ 46.

The defendant has experienced gun-related violence, including the 2021 murder of his cousin. PSR ¶ 57. According to Mr. Hardman, his cousin called him on the phone to say he had been shot, and during the phone call, he died. Defendant also lost a childhood friend to violence. PSR ¶ 48. The PSR documents the defendant's mental health challenges. PSR ¶ 54.

The defendant has a history of substance abuse and alcohol abuse, and during the relevant time period, he was consuming both drugs and alcohol to excess. PSR ¶ 57. He is open to a BOP placement

SENTENCING MEMORANDUM
 CR 24-504 JSW                           2

that includes an opportunity for RDAP, and the government is in favor of this option, too.

Mr. Hardman has earned his GED and shown the ability to work at paid employment. PSR ¶¶ 59-62. He indicates a desire to relocate to another area to avoid falling into the same type of conduct.

### 2. The need to reflect the seriousness of the conduct

Mr. Hardman's act of carrying a loaded Glock with an extended magazine on June 12, 2024 is a serious offense. At that time, Mr. Hardman was on supervised release for his prior federal conviction for the same conduct. PSR ¶ 30. He also had prior state convictions for similar conduct, including most recently in 2022. PSR ¶ 31. The prevalence of gun-related violence in Oakland is already a serious public problem, made worse if Mr. Hardman can set his own rules of when and how he possesses a firearm.

### 3. The need to promote respect for the law

Mr. Hardman's several prior convictions rendered him prohibited from possessing firearms. But instead, Mr. Hardman armed himself in June 2024. Orders and judgments by this Court and state courts have not altered Mr. Hardman's decision-making to this point in time. The recommended sentence will highlight the consequences of his actions to Mr. Hardman. On the other hand, Mr. Hardman's speedy acceptance of responsibility, and the respect for the law his decision demonstrates, weighs heavily in favor of the recommended sentence.

### 4. The need to provide for a just sentence

The government's view is that 34 months is the just sentence. Despite felony convictions in recent years, with prohibitions on firearm possession imposed by courts, Mr. Hardman did not abide by his sentences. He knew he could not possess firearms lawfully, and he did it anyway. The recommended sentence, if imposed, will be the longest term to date imposed on this defendant.

### 5. The need for adequate deterrence and protection of the community

There is a need for specific deterrence of Mr. Hardman and protection of the community from Mr. Hardman. He has four prior felony convictions for firearms possession offenses, although two of those were within six months of his adulthood seven years ago. Furthermore, there is a need for general deterrence here. The recommended sentence will signal like-minded individuals with prior felony

convictions who may possess or contemplate possession of firearms that such conduct will result in a significant prison term.

### B. Supervised Release

The government requests that the Court sentence the defendant to a term of three years of supervised release. The government also respectfully requests that the Court impose a suspicionless search condition as part of the sentence in this case. The suspicionless search clause was not included in the plea agreement, but the offense conduct and criminal history both demonstrate the need for this condition upon defendant's release.

### V. CONCLUSION

Under the applicable provisions of the Sentencing Guidelines and the factors of 18 U.S.C. § 3553(a) as applied to this defendant and this criminal conduct, the government requests that the Court impose a sentence of 34 months of imprisonment, to include 34 months on the new indictment and 24 months on the supervised release, concurrent, to be followed by three years of supervised release. This sentence appropriately balances the aggravating and the mitigating sentencing factors in this case.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

Dated: January 7, 2025

_____/s/_____
JONATHAN U. LEE
Assistant United States Attorney
Attorney for the UNITED STATES OF AMERICA